## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

JACK WAYLON CHISUM,                    §
                                       §
        *Petitioner*,                  §
                                       §
v.                                     §          CIVIL ACTION NO. H-07-0574
                                       §
NATHANIEL QUARTERMAN,                  §
                                       §
        *Respondent*.                  §

## ORDER OF DISMISSAL

Petitioner Jack Waylon Chisum, a state inmate proceeding *pro se* and requesting leave to proceed *in forma pauperis*, seeks habeas relief under 28 U.S.C. § 2254. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed as an unauthorized successive petition.

According to petitioner and the dismissal orders in his prior federal habeas lawsuits,[1] petitioner was convicted of rape of a child in 1982 and sentenced to twenty years incarceration. In 2001, he was convicted of driving while intoxicated and sentenced to ten years incarceration, to be served concurrently with the 1982 conviction.

---

[1] *Chisum v. Quarterman*, C.A. No. H-05-0033 (S.D. Tex. 2006); *Chisum v. Dretke*, C.A. No. SA-04-CA-851 NN (W.D. Tex. 2005); *Chisum v. Cockrell*, C.A. No. SA-02-CA-0254 OG (W.D. Tex. 2003).

Petitioner was released to mandatory supervision in June, 1988, which was revoked in November, 1992.  He again was released to mandatory supervision in October, 1996, which was revoked in March, 2002.   In *Chisum v. Quarterman*, C.A. No. H-05-0033 (S.D. Tex. 2006), petitioner unsuccessfully challenged the two revocations and resulting denials of street time credit, an alleged extension of his sentence, and prison officials' purported application of new legislation in violation of his *ex post facto* and other constitutional protections.

A district court may hear a claim not presented in a prior federal application only if the court of appeals issues an order of authorization. 28 U.S.C. § 2244(b)(3).  Any claim that was raised in a prior federal habeas application is not subject to adjudication by the district court and must be dismissed. 28 U.S.C. § 2244(b)(1).  In the instant petition, petitioner again asserts his claims for denial of street time credit following the revocations of mandatory supervised release, the extension of his sentence, and the prison officials' application of new legislation and policies in violation of his *ex post facto* and other constitutional protections. These claims were denied in *Chisum v. Quarterman*, C.A. No. H-05-0033 (S.D. Tex. 2006). Accordingly, petitioner was required to obtain an order of authorization from the Fifth Circuit Court of Appeals to raise these grounds by successive petition.  No such authorization is shown.  To the extent petitioner now raises habeas grounds not presented in his prior petition, he fails to show authorization from the Fifth Circuit to pursue this successive habeas.

Accordingly, this action is **DISMISSED** without prejudice to seeking authorization from the Fifth Circuit Court of Appeals to proceed on any new claims.  A certificate of appealability is **DENIED**.  Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas on February 20, 2007.

Gray H. Miller
United States District Judge